IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| E. LYNN HANSEN, as Personal Representatives on behalf of the heirs of SHAWN EMERY, and KEEGAN WESTPHAL,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHEVRON USA, INC., a Pennsylvania corporation, dba CHEVRON PRODUCTS COMPANY; SOLI-BOND, INC., a California corporation; and JOHN DOES 1-5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:08-CV-959 TS |

This matter is before the Court on Motions to Dismiss filed by Defendants Chevron USA, Inc. dba Chevron Products Company ("Chevron") and Soli-Bond, Inc. ("Soli-Bond"). Both Defendants seeks dismissal of Plaintiffs' Third and Sixth Causes of Action, for intentional nonfeasance and punitive damages, respectively. For the reasons discussed below, the Court will grant both Motions.

## I. BACKGROUND

Plaintiffs bring this action against Defendants Chevron and Soli-Bond. Plaintiffs allege the following causes of action: negligence, intentional misconduct, intentional nonfeasance, negligent and intentional infliction of emotional distress, wrongful death, and punitive damages. Defendant both seek dismissal of Plaintiffs' Third and Sixth Causes of Action, for intentional nonfeasance and punitive damages.

## II. MOTION TO DISMISS STANDARD

In considering whether a Complaint fails to state a claim upon which relief may be granted, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

III. DISCUSSION

Defendants first seek dismissal of Plaintiffs' cause of action for punitive damages because it is not a separate cause of action, merely a remedy to be plead in conjunction with a cognizable cause of action.[6] Plaintiffs, in response, do not oppose dismissal of their cause of action for punitive damages, but reassert their intention to seek punitive damages. Based on this, the Court will dismiss Plaintiffs' Sixth Cause of Action, but will allow Plaintiffs to seek punitive damages in relation to their remaining causes of action.

Defendants also seek dismissal of Plaintiffs' Third Cause of Action for intentional nonfeasance, arguing that such a claim is not recognized by Utah law and is duplicative of either Plaintiffs' First or Second Causes of Action. Plaintiffs oppose dismissal, arguing that a cause of action for intentional nonfeasance was permitted by the Utah Supreme Court in *Helf v. Chevron USA, Inc*.[7]

The Court agrees with Defendants. Utah law does not appear to recognize a claim for intentional nonfeasance. Only one case, *Helf*, even mentions such a claim.[8] Plaintiffs argue that the Utah Supreme Court in *Helf* declined to dismiss a claim for intentional nonfeasance and this

---

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Norman v. Arnold*, 57 P.3d 997, 1001 n.2 (Utah 2002).

[7]203 P.3d 962 (Utah 2009).

[8]*Id*. at 967.

3

Court should do the same. Plaintiffs, however, read too much into *Help*. That case did not recognize the validity of the claim of intentional nonfeasance. Rather, the court held that the totality of the allegations contained in the plaintiff's complaint were sufficient to overcome a motion to dismiss.[9] The court's only mention of intentional nonfeasance was a recitation of the claims brought by the plaintiff.[10] The Court cannot find that such a passing reference constitutes the recognition of a claim previously unrecognized in Utah law.

"Where the state's highest court has not addressed the issue presented, the federal court must determine what decision the state court would make if faced with the same facts and issue."[11] Plaintiffs point to no other case in support of their argument that Utah law recognizes a claim of intentional nonfeasance, and the Court can find none. Indeed, the phrase "intentional nonfeasance" is scarcely mentioned in any case, from Utah or otherwise. Based on these considerations, the Court finds that a claim for intentional nonfeasance is not recognized under Utah law.

The Court would further note that Plaintiffs' Third Cause of Action is duplicative of their Second Cause of Action. As the Utah Supreme Court has noted "[w]ilful misconduct is the intentional doing of an act, *or intentional failure to do an act*, with knowledge that serious injury is a probable result."[12] Thus, Plaintiffs' Second Cause of Action covers both the doing of an act

---

[9] *Id.* at 974-75.

[10] *Id.* at 967.

[11] *Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006) (internal quotation omitted).

[12] *Brown v. Frandsen*, 426 P.2d 1021, 1022 (Utah 1967) (emphasis added).

4

and the failure to do an act, which Plaintiffs explain is the difference between their Second and Third Causes of Action.[13] Therefore, the Court finds Plaintiffs' Third Cause of Action to be duplicative of their Second.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 38 and 41) are GRANTED.

The hearing set for April 21, 2011, is STRICKEN.

DATED   March 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13] Docket No. 49 at 3.