# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| E. LYNN HANSEN, as Personal Representative on behalf of the heirs of SHAWN EMERY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON USA, INC., *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL**<br><br>Case No. 2:08-cv-00959-TS-DN<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: David Nuffer |

Plaintiffs moved for an order compelling discovery from Defendant Soli-Bond, Inc. (Soli-Bond).[1] Plaintiffs sought relevant, electronically stored information by forensic imaging of the laptop "where all of the relevant information is stored."[2] This order denies the motion.

## Background on Discovery Dispute

A set of interrogatories sent to Soli-Bond requested a "detailed, architectural description of Soli-Bond's electronic documents and information systems" and set forth specific criteria which should be identified.[3] Soli-Bond made a perfunctory and inadequate response.[4] After

---

[1] Plaintiffs' Motion to Compel Discovery Responses and Award Sanctions Against Soli-Bond, Inc., docket no. 44, filed February 25, 2011.

[2] *Id.* at 1.

[3] Plaintiff's First Set of Interrogatories to Soli-Bond, No. 23, attached as Exhibit A to Memorandum in Support of Plaintiffs' Motion to Compel Discovery Responses and Award Sanctions Against Soli-Bond, Inc. (Supporting Memorandum), docket no. 45, filed February 25, 2011.

[4] Soli-Bond's response to Interrogatory No. 23, attached as Exhibit B to Supporting Memorandum.

correspondence between counsel, Soli-Bond identified Mr. Kiswardy as the "point person for Soli-Bond on this case" and stated that "his laptop is where any relevant ESI would be stored."[5]

> Further, Soli-Bond stated in its letter that Mr. Kiswardy's "practice is to print out hard copies of important e-mails in order to preserve the information in the appropriate paper files."
> . . . Plaintiffs' counsel participated in several telephone conversations with Soli-Bond's counsel requesting Mr. Kiswardy make his laptop available for an independent, third-party forensic company, to perform an image copy, or flash image, of the hard drive for indexing, and later harvesting of relevant, non-privileged, information. . . .
> On November 18, 2010, Soli-Bond sent a letter to Plaintiffs advising that Plaintiffs were not entitled to the relevant data on Mr. Kiswardy's laptop unless, Plaintiffs could show some deficiency in the paper documents Mr. Kiswardy had provided. . . .
> . . . .
> On January 13, 2011, Soli-Bond sent a letter proposing that, instead of producing the laptop, they would have Paul Kiswardy go through his laptop and transfer files he felt may be relevant, to a thumb drive.[6]
>
> Paul Kiswardy has loaded onto a thumb drive, directly from his laptop, the electronic files in which he stored all the information he had about Soli-Bond's Salt Lake City operations at the Chevron refinery. Defendant Soli-Bond has offered to provide that thumb drive to plaintiffs, which contains searchable electronically stored information, as well as some PDF's that Kiswardy received and placed into the files. Plaintiffs have refused Soli-Bond's tender of the thumb drive.[7]
>
> The laptop that Kiswardy had in use between 2004 and 2007 was replaced in 2007 and again in 2010. Kiswardy had all of the information from his original laptop transferred to his new laptops at the time of purchase. The new laptop that he has is used in his work for the other business operations of Soli-Bond. Kiswardy's laptop contains propriety, confidential information concerning Soli-Bond's different business operations across the United States. Kiswardy's laptop also contains personal information about him, including but not limited to, his social security number and credit card numbers.[8]

---

[5] Letter from Zachary E. Peterson to John Hansen (Sept. 29, 2010), attached as Exhibit D to Supporting Memorandum.

[6] Supporting Memorandum at iv-v (citations omitted).

[7] Soli-Bond's Memorandum in Opposition to Plaintiff's Motion to Compel and for Sanctions (Opposing Memorandum) at iv, docket no. 51, filed March 17, 2011.

[8] *Id.* at iv-v (citations omitted).

## Applicable Standards

Rule 26(b)(1) of the Federal Rules Of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." However the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[9]

## DISCUSSION

Plaintiffs do not elaborate on their need for forensic imaging of the laptop. They simply say they need the information, but have not taken the opportunity to review the thumbdrive which Soli-Band represents contains "all the information [Kiswardy] ha[s] about Soli-Bond's Salt Lake City operations" at the location at issue in this suit.[10] Counterbalancing the light information given about the need for this information, Soli-Band says the laptop contains "propriet[ar]y, confidential information concerning Soli-Bond's different business operations across the United States" and "personal information about [Kiswardy], including but not limited to, his social security number and credit card numbers."[11]

On the state of the current record, it appears the discovery sought can be obtained from some other source that is more convenient, less burdensome, and less expensive and that Plaintiffs have not yet taken the "opportunity to obtain the information" by examining the

---

[9] Fed. R. Civ. P. 26(b)(2)C).

[10] Opposing Memorandum at iv.

[11] *Id.* at v.

thumbdrive.  There is no showing that the more conventional means have been exhausted or that there are obvious gaps in the information already produced or offered.

**ORDER**

IT IS HEREBY ORDERED that the motion to compel[12] is DENIED.

Dated May 31, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[12] Plaintiffs' Motion to Compel Discovery Responses and Award Sanctions Against Soli-Bond, Inc., docket no. 44, filed February 25, 2011.